IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STANLEY WILLIAMS, | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:24-CV-421-TES-CHW |
| VS. | : | |
| KEANTE BUTTS, *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendants | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Stanley Williams, a previous prisoner at Treutlen Probation Detention Center in Soperton, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the provision that he pay a partial initial filing fee (ECF No. 4). Plaintiff has paid the fee, and the complaint is ripe for preliminary review. On review, Plaintiff will be allowed to proceed with his false arrest and malicious prosecution claims against Defendant Keante Butts, but it is **RECOMMENDED** that Plaintiff's claims against Defendants Massee, Deason, Williamson, Towe, and Brown[1] be **DISMISSED without prejudice** for failure to state a claim.

---

[1] Plaintiff lists Sergeant Ashley Brown as a Defendant on the complaint (ECF No. 1 at 1 and 7), but Brown's name is not included in the docket. The clerk of court is **DIRECTED** to add Sergeant Ashley Brown as a Defendant in this civil action.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Factual Allegations</u>

Plaintiff states that on September 1, 2023, Defendant Deputy Keante Butts knocked on the door of the hotel room where he and his wife were staying. ECF No. 1 at 5. Plaintiff

states that his wife let Defendant Butts into the room as Plaintiff was going to the bathroom. *Id*. Plaintiff states that Defendant Butts entered the bathroom after Plaintiff unlocked the door and accused Plaintiff of flushing drugs down the toilet. *Id*. Plaintiff complains that "Deputy Butts clearly and deliberately lied on Stanley Williams just to swear a warrant for tampering with evidence (Felony)" and that he "was held in jail 6 months for a crime that never happened." *Id*. at 7. Plaintiff states that the charges against him were dismissed by the District Attorney's office on February 26, 2024. *Id*. at 7-8.

Plaintiff also complains that in September 2023 he "filed several complaints (grievances) to Major Deason and Sheriff Massee" and that he "received no response from either." *Id*. at 3. Plaintiff states that he refiled a grievance in August 2024 with Defendant Deason and that Defendant Williamson verbally responded to this grievance by stating that he was "not going to discipline [his] deputy." *Id*.

Plaintiff seeks damages. *Id*. at 6. Plaintiff also requests that the Court fire Defendant Butts and demote Defendants Williamson and Deason.[2] *Id*.

---

[2] Even if Plaintiff prevails in his claims against these defendants, district courts have no authority under § 1983 to order the termination of employment or demotion of any state or county law enforcement employee. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977), *cert. granted in part and rev'd in part on other grounds*, 438 U.S. 781 (1978), (explaining "that federal courts have no authority to address state officials out of office or to fire state employees"); *see also, e.g., Bush v. Camp*, 1:11-cv-64, 2011 WL 2457909, at * 2 n.1 (M.D. Ga. May 23, 2011) ("This Court ... has no authority to order that the [state employee] Defendants be fired."). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F. Supp. 2d 1238, 1251 (N.D. Fla. 2003) (citation omitted). Thus, whether these law enforcement officers should be employed by

### III. Plaintiff's Claims

#### A. False Arrest Claim against Defendant Butts

Plaintiff claims that Defendant Butts unlawfully detained him and arrested him for a crime he did not commit. ECF No. 1 at 5 and 7. A claim for false arrest derives from the constitutional right to be free of "unreasonable searches and seizures." U.S. Const. Amend. IV. Both a full-scale search of a person and warrantless arrest violate the Constitution unless they are supported by probable cause. *Terry v. Ohio*, 392 U.S. 1, 26 (1968); *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004). The Eleventh Circuit has recognized a non-exclusive list of factors that may indicate an arrest: "the blocking of an individual's path or the impeding of his progress; the display of weapons; the number of officers present and their demeanor; the length of the detention; and the extent to which the officers physically restrained the individual." *United States v. Hastamorir,* 881 F.2d 1551, 1556 (11th Cir.1989). "A warrantless arrest made without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (citing *Max v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990)).

After liberally construing Plaintiff's complaint and reading all allegations in his favor, the Court finds that Plaintiff's Fourth Amendment false arrest claim against Defendant Butts can proceed for further factual development.

---

the Baldwin County Sheriff's Department and in what capacity is strictly a matter for Baldwin County jail administrators to determine.

### B. Malicious Prosecution Claim against Defendant Butts

Plaintiff alleges that Defendant Butts "clearly and deliberately lied on Stanley Williams just to swear out a warrant" and to confine him in the county jail for six months until the case was ultimately dismissed. ECF No. 1 at 7-8. The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). For this type of claim, "a Plaintiff must prove both 'a violation of [his] Fourth Amendment right to be free of unreasonable seizures' and 'the elements of the common law tort of malicious prosecution.'" *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) citing *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019). Under the common-law elements of malicious prosecution, a plaintiff must prove that an officer "instituted or continued" a criminal prosecution against him, "with malice and without probable cause," that terminated in his favor and caused damage to him. *Id.*

After liberally construing Plaintiff's complaint and reading all allegations in his favor, the Court finds that Plaintiff's Fourth Amendment malicious prosecution claim against Defendant Butts can proceed for further factual development.

### C. Claims against Defendants Massee, Deason, and Williamson

Plaintiff's claims against Defendants Massee, Deason and Williamson appear to be rooted in their negative responses or failure to respond to Plaintiff's grievances and Plaintiff's failure to gain the relief he requested, specifically disciplinary action against Deputy Butts. ECF No. 1 at 3-4 and 7. Plaintiff has failed, however, to indicate what constitutional right was infringed by these Defendants. To the extent that the Court can

construe Plaintiff's allegations against these Defendants to imply a due process violation under the Fourteenth Amendment, Plaintiff's allegations are insufficient to state a claim for relief.

Prisoners and pre-trial detainees do not have a constitutional right to participate in grievance procedures, to have those procedures properly followed, or to any preferred outcome to a filed grievance. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (citations omitted) (affirming dismissal of prison's claims that he was denied use of the prison's grievance procedure and holding that an inmate has no constitutionally-protected liberty interest in access to that procedure; *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (per curiam) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns). Moreover, a supervisor is not "personally involved" in a constitutional violation merely because he or she fails to respond to complaints from a prisoner. *See e.g.*, *Asad v. Crosby,* 158 F. App'x 166, 170–72 (11th Cir.2005) (per curiam) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Plaintiff also has no constitutional right to any sort of internal investigation by the Defendants into his complaints about Deputy Butts. *See, e.g., Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) *abrogated in part on other grounds by Pearson v. Callahan*,

7

555 U.S. 223 (2009) (concluding plaintiff "ha[d] no substantive right of any kind to an investigation of her excessive force complaint by the Sheriff's Office, much less one created by the Constitution"; further concluding plaintiff had "no constitutionally protected liberty or property interest" "to an internal investigation by the Sheriff's Office of her complaints of police brutality"); *Koger v. Florida,* 130 F. App'x 327, 335 (11th Cir.2005) (a plaintiff had no substantive due process right to an investigation of a constitutional claim by a sheriff's office); *Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) (per curiam) (holding that plaintiff "failed to state claims against the sheriff or deputy sheriff because [plaintiff] did not have a substantive due process right to an internal investigation by the Sheriff's Department or law enforcement").

To the extent Plaintiff raises a §1983 claim against these Defendants based on Plaintiff's inability to access the grievance procedure, contends that he had a constitutional interest in a particular outcome of the grievance process, or argues that he had a constitutional right to an internal investigation to be conducted by the Defendants, Plaintiff fails to state a claim for relief. Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendants Massee, Deason, and Williamson be **DISMISSED** without prejudice for failure to state a claim.

    D.    <u>Claims against Defendants Towe and Brown</u>

Plaintiff also names Lieutenant Brandon Towe and Sergeant Ashley Brown as Defendants to this action. ECF No. 1 at 1 and 9. Plaintiff makes no allegations to link these Defendants to any claim. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any

allegations that connect the defendant with an alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal for failure to state a claim when "complaint fail[ed] to allege facts that associate[d]" defendants with constitutional violation); (citations omitted); ; *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted) (stating that "section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) (citing *Douglas*, 535 F.3d at 1321-22) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation."). Because Plaintiff has failed to make any allegations against Defendants Towe and Brown, it is **RECOMMENDED** that his claims against these Defendants be **DISMISSED without prejudice** for failure to state a claim.

   IV.   Conclusion

For the foregoing reasons, Plaintiff's false arrest and malicious prosecution claims against Defendant Butts shall proceed for further factual development. It is **RECOMMENDED** that Plaintiff's claims against Defendants Massee, Deason, Williamson, Towe, and Brown be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this

Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Deputy Keante Butts, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil

Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 28th day of April, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge