**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **STANLEY WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:24-cv-421-TES-CHW** |
| | : | |
| **KEANTE BUTTS,** | : | **Proceedings Under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendant.** | : | |
| | : | |

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Stanley Williams filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 regarding his arrest by Defendant Baldwin County Sheriff's Office Deputy Keante Butts. (Doc. 1). Defendant Butts, the sole remaining defendant, has filed a motion for summary judgment. (Doc. 17). Plaintiff did not directly respond but filed a cross motion for summary judgment. (Doc. 21). Defendant filed a response to Plaintiff and opposes Plaintiff's motion. (Doc. 22). As discussed below, the undisputed facts show that Defendant is entitled to summary judgment. Therefore, it is **RECOMMENDED** that Defendant's motion for summary judgment be (Doc. 17) be **GRANTED** and Plaintiff's motion for summary judgment (Doc. 21) be **DENIED**.

**BACKGROUND**

Plaintiff brought this action in November 2024, alleging constitutional violations against multiple defendants arising from his arrest on September 1, 2023. (Doc. 1). Following screening of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed on his false arrest and malicious prosecution claims against Defendant. (Doc. 6). In his false arrest and malicious prosecution claims, Plaintiff alleges that Defendant lied to swear out a warrant and to

1

put him in jail until the case was dismissed. (Doc. 1, p. 7). Defendant filed an answer which raised the defenses of failure to state a claim and qualified immunity, among others. (Doc. 14). The parties then engaged in a period of discovery. Defendant and Plaintiff have now filed cross motions for summary judgment.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of informing the Court of the basis for its motion, and of citing "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that support summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In resolving motions for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

Although Plaintiff failed to respond to Defendant's motion for summary judgment, summary judgment is not properly awarded by default. *See Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs and Participating Emp'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039–40 (11th Cir. 2004). By failing to respond to Defendant's motion, however, Plaintiff has failed to rebut Defendant's statements of undisputed material facts, triggering consequences under both the Federal Rules of Civil Procedure and this Court's Local Rules.

Federal Rules of Civil Procedure 56(e)(2) provides that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," then the Court may "consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2). This Court's Local Rule 56 similarly provides: "All material facts contained in the movant's statement which are not

2

specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." MDGA Local Rule 56. Nevertheless, the Court has reviewed the record of evidence to confirm the facts set forth in Defendants' statement.

Finally, Federal Rule of Civil Procedure 56(e)(3) provides that the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to" summary judgment. FED. R. CIV. P. 56(e)(3); *see also Urdanetta v. Wells Fargo Bank, N.A.*, 734 F. App'x 701, 704 (11th Cir. 2018).

Accordingly, because Defendant properly supported his factual assertions with specific citations to the record, and because Plaintiff failed to respond, Defendant's facts may be accepted by the Court as undisputed. If evidence in the record shows that a fact is disputed, the Court has drawn all justifiable inferences in Plaintiff's favor for purposes of summary judgment.

**RELEVANT FACTS**

Plaintiff's claims stem from his arrest on September 1, 2023, and subsequent detention. (Doc. 1). Defendant Butts was a Deputy with the Baldwin County Sheriff's Office during the incident.

On August 15, 2023, the Baldwin County Sheriff's Office received Warrant # 221577 for the arrest of Plaintiff on a probation violation. (Doc. 17-4). On the morning of September 1, 2023, Defendant, along with other officers, arrived at a hotel in which Plaintiff was staying to serve the outstanding warrant and arrest Plaintiff. (Doc. 17-4); (Video 1).[1] Upon arrival, Defendant knocked

---

[1] Video 1 is listed in Defendant's motion for summary judgment as "Keante Butts' body worn camera video." (Doc. 17). The video is titled "Keante Butts Body Worn Camera Recording (Attachment 1)" in the Court's video evidence vault.

on the door and announced his presence with the Sheriff's Office. (Video 1, 00:30–00:45). Angela Williams answered the door and let Defendant and Deputy Jordan Carpenter into the room. (*Id.*, 00:35–00:56). Upon entering, Defendant ordered Plaintiff to come out of the bathroom.[2] (*Id.*, 00:50). Defendant approached the bathroom, which had its door closed, and ordered Plaintiff repeatedly to exit the bathroom. (Video 1, 00:50–01:05). When Plaintiff did not comply, Defendant kicked the door in. (*Id.*, 01:00–01:10). Defendant informed Plaintiff that if he did not comply, he would "tase him." (*Id.*). Upon entering the bathroom, Defendant detained Plaintiff and asked him what he was flushing down the toilet." (*Id.*, 01:00–01:15). Plaintiff denied flushing anything down the toilet. (*Id.*). Plaintiff cannot be seen on either Video 1 or Video 2 flushing anything down the toilet. Shortly thereafter, Officer Carpenter handcuffed Plaintiff. (*Id.*, 01:10–01:30).

Over the next several minutes, Defendant escorted Plaintiff to his patrol vehicle and placed him in the back seat. (*Id.*, 01:30–04:15). Throughout this process, Defendant repeatedly mentions Plaintiff dropping something down the toilet, which Plaintiff denies. (*Id.*). After placing Plaintiff in the patrol vehicle, Defendant approached Ms. Williams and stated that he saw Plaintiff flush a bag down the toilet and asked her what it was. (*Id.*, 04:30–04:50). Ms. Williams responded that it was "crack." (*Id.*).

## ANALYSIS

Plaintiff claims that Defendant is liable for false arrest and malicious prosecution for lying on a warrant application and arresting him for crimes he did not commit. (Doc. 1, pp. 5, 7). Both

---

[2] It his statement of material facts, Defendant states that Defendant observed Plaintiff sitting on the bed and then head towards the bathroom. (Doc. 17-1, ¶¶ 4–5). In support, Defendant directs the Court to Video 1, Officer Carpenter's body camera footage ("Video 2"), and Defendant's incident report. Plaintiff cannot be seen sitting on the bed or entering the bathroom in either video, and Defendant did not attach the incident report as record evidence.

parties have filed motions for summary judgment. In Plaintiff's motion for summary judgment, he repeats his accusations and states that the body camera footage proves the lies. (Doc. 21).[3] The burden of proof is on Plaintiff, however, and Plaintiff has not produced evidence to show that Defendant lied to secure Plaintiff's arrest. Instead, the record, even when construed in Plaintiff's favor, demonstrates that Defendant is entitled to summary judgment.

### I.        Plaintiff's Motion for Summary Judgment

In his motion for summary judgment, Plaintiff makes several assertions that Defendant lied to secure his arrest. (Doc. 21). He argues that because he cannot be seen flushing drugs and that the charges were dropped, Defendant must have been lying and is liable for false arrest and malicious prosecution. (Doc. 21). These arguments are meritless. Plaintiff has not provided any evidence that Defendant lied to secure the arrest warrant or subsequent arrest. The only record evidence relating to the arrest warrant is that it was received on August 15, 2023, and was for a probation violation. (Doc. 17-4). Furthermore, as discussed below, Plaintiff's claim of malicious prosecution fails because he has not provided any evidence that he was "falsely charged with a felony." (Doc. 21, p. 5). Rather, the record reflects that Plaintiff was appropriately charged with obstruction of an officer—a charge to which Plaintiff ultimately pleaded guilty. (Docs. 17-3; 17-5). Contrary to Plaintiff's arguments, Defendant is entitled to summary judgment even when the facts are construed in the light most favorable to Plaintiff.

---

[3] Plaintiff's motion for summary judgment was both untimely and lacked a separate statement of material facts as required by Local Rule 56. Although the Court may deny the motion as untimely, *see Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988), this recommendation considers Plaintiff's motion for summary judgment on the merits.

## II.    Defendant's Motion for Summary Judgment

Defendant is entitled to summary judgment as to Plaintiff's false arrest and malicious prosecution claims because the undisputed facts show that there was probable cause for Plaintiff's arrest, and Plaintiff subsequently pleaded guilty to obstruction.

"There is no question that an arrest without probable cause to believe a crime has been committed violates the Fourth Amendment." *Madiwale v. Savaiko*, 117 F.3d 1321, 1324 (11th Cir. 1997) (citations omitted). "The existence of probable cause . . . is an absolute bar to a section 1983 action for false arrest." *Marx v. Gumbinner*, 905 F.2d 1503, 1505–06 (11th Cir. 1990) (citation omitted); *see also Grider v. Cty. of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). Probable cause is defined as "facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Gerstine v. Pugh*, 420 U.S. 103, 111 (1975) (internal quotations and citation omitted). "Probable cause may exist based on the collective knowledge of law enforcement officials derived from reasonably trustworthy information." *Grider*, 618 F.3d at 1257 (citing *Madiwale*, 117 F.3d at 1324).

As Defendant has shown, he was called to the hotel in which Plaintiff was staying to execute an arrest warrant for a probation violation. Upon being let into Plaintiff's room, he noticed Plaintiff in the bathroom with the door shut and ordered Plaintiff repeatedly to exit. After Plaintiff did not comply, Defendant kicked the door in and arrested Plaintiff. Plaintiff was subsequently charged with obstruction of an officer. There can be no genuine dispute that Defendant was carrying out a lawful arrest in executing a valid arrest warrant against Plaintiff. Initially, Plaintiff was arrested on the warrant, not for the later charge of obstruction.

Further, Plaintiff fled to the bathroom when confronted by Defendant and continued to resist arrest and ignore the officers' instructions while he was being apprehended. This conduct constitutes additional probable cause to justify Plaintiff's arrest. *See Manners v. Cannella*, 891 F.3d 959, 970 (11th Cir. 2018) (holding that fleeing arrest constitutes probable cause for arrest where state law provides that fleeing a law enforcement officer is a crime, as the fleeing itself is indication that a crime has been committed under those circumstances); *see also Tankersley v. State*, 155 Ga.App. 917, 273 S.E.2d 862, 866 (1980) (holding that "flight, or attempted flight, after a command to halt constitutes obstruction of an officer" under Georgia law); O.C.G.A. § 16-10-24(a).

As for his malicious prosecution claim, Plaintiff has also failed to show that there exists a genuine dispute of material fact. To succeed on this claim, Plaintiff must prove:

> (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; (4) caused damage to the plaintiff accused; (5) that the legal process justifying [his] seizure was constitutionally infirm; (6) that his seizure would not otherwise be justified without legal process; and (7) that the law was clearly established.

> *Butler v. Smith*, 85 F.4th 1102, 1111–12 (11th Cir. 2023) (cleaned up).

Without considering any of the remaining elements, Plaintiff's claim fails at step three. Contrary to his repeated assertions, the charges against Plaintiff were not dropped. Rather, Plaintiff pleaded guilty to obstruction of an officer, not the underlying probation violation on which he was originally arrested. As such, Plaintiff cannot show that the proceedings were terminated in his favor.

Because Plaintiff has not provided sufficient evidence for a reasonable jury to conclude that Defendant is liable for false arrest or malicious prosecution, Defendant is entitled to summary judgment.

### III.    Qualified immunity

When considering whether summary judgment is appropriate based on qualified immunity, the Court "[draws] all inferences and [views] all of the evidence in the light most favorable to the nonmoving party." *Jones v. Michael*, 656 F. App'x 923, 925 (11th Cir. 2016) (internal quotations omitted). "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Marbury*, 936 F.3d at 1232 (internal quotations omitted). Defendant "cannot obtain qualified immunity unless he establishes that he was acting within his discretionary authority." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1328 (11th Cir. 2021).

Once action under discretionary authority has been established, "the burden shifts to the plaintiff, who must show [Defendant is] not entitled to qualified immunity." *Id.* at 1328 (citation omitted). "At [this] stage, [the Court asks] two questions: (1) 'whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right,' and (2) if so, 'whether the right at issue was 'clearly established' at the time of the defendant[s'] alleged misconduct.'" *Id.* at 1328 (quoting *Pearson*, 555 U.S. at 232). Both must be present for Plaintiff to prevail. *Id.* Thus, Plaintiff must show a violation of a constitutional right to survive summary judgment.

Where "the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Cabbil v. McKenzie*, 595 F. App'x 843, 846

8

(11th Cir. 2014) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012)). A warrant issued by a neutral magistrate confers a "shield of immunity" for the officer, which can be lost only when "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Taylor v. Taylor*, 649 F. App'x 737, 744 (11th Cir. 2016) (quoting *Messerschmidt*, 565 U.S. at 547).

There can be no dispute that Defendant was carrying out his discretionary authority when he arrested Plaintiff and executed the search warrant. Plaintiff asserts that immunity is irrelevant because Defendant lied under oath. (Doc. 16, p. 1). Plaintiff has provided no evidence for this assertion.   The undisputed evidence shows that Defendant was acting within the scope of his discretionary authority when he executed a valid arrest warrant.

Because Defendant at all times was acting within the scope of his discretionary authority, Plaintiff must show that Defendant violated his constitutional rights. As discussed above, Plaintiff has not met his burden to show that Defendant violated his constitutional rights on his false arrest or malicious prosecution claims. Where Plaintiff has failed to establish a violation of a constitutional right, there is no need to examine the second prong of the qualified immunity analysis. Defendant is entitled to qualified immunity as a matter of law.

## CONCLUSION

Because the undisputed facts do not support Plaintiff's claims against Defendant, it is **RECOMMENDED** that Defendant's motion for summary judgment (Doc. 17) be **GRANTED** and Plaintiff's motion for summary judgment (Doc. 21) be **DENIED**.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES**. *See* MDGA Local Rule 7.1. The District Judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 19th day of May, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

10